## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Quad Int'l., Inc.,                                            Civ. No. 12-2685 (RHK/JJG)

               Plaintiff,

v.                                                           O R D E R

John Doe,

               Defendant.

---

JEANNE J. GRAHAM, United States Magistrate Judge

     This matter is before the undersigned on Defendant John Doe's Motion to Quash Subpoena and for Protective Order (ECF No. 14). Because Defendant has provided no particularized basis to quash the subpoena, the motion is denied.

## I.       BACKGROUND

     Plaintiff Quad Int'l., Inc. claims to own copyrights for adult entertainment videos. Defendant John Doe is an unknown individual whom Plaintiff believes illegally reproduced and distributed its works via the BitTorrent file-sharing protocol. Although Plaintiff's forensic investigators could detect the existence of infringing activity, they could not determine Defendant's identity due to the decentralized nature of the peer-to-peer file-sharing method. At this time, Plaintiff knows Defendant only by his or her unique Internet Protocol ("IP") address.

     Plaintiff is suing Defendant for copyright infringement, contributory infringement, and negligence, and requests injunctive relief, statutory or actual damages, and attorney's fees and costs. However, Plaintiff cannot serve Defendant or move the case forward without first discovering Defendant's identity. Thus, Plaintiff filed a motion for leave to take discovery prior

to the Rule 26(f) conference, asking for permission to serve a third-party subpoena on Defendant's Internet Service Provider ("ISP") and obtain Defendant's name, address, and other information.

In an Order dated November 28, 2012, this Court permitted Plaintiff to serve the subpoena. The Court agreed with Plaintiff that the transitory nature of many IP addresses and the inability to prosecute claims against an unknown party constituted good cause for expedited discovery. On the other hand, the Court also shared its concerns that similar plaintiffs have used litigation as part of their business model, engaged in improper litigation tactics, and filed lawsuits for the improper purpose of demanding quick settlements under a threat of public exposure. To balance the need for discovery with the potential harm to Defendant, the Court implemented a multi-step procedure for serving a subpoena on Defendant's ISP and obtaining identifying information. (*See* Order at 7-8, Nov. 28, 2012, ECF No. 13.)

Pursuant to that procedure, Plaintiff served a subpoena on the custodian of records of Comcast Cable Communications Management, LLC, on January 16, 2013, requesting the name and address of the individual with the IP address 66.41.122.71 at 10:45 p.m. on July 19, 2012. Defendant timely moved to quash the subpoena in compliance with the November 28 Order.

## II.   DISCUSSION

### A.   Standing

Plaintiff contends that Defendant does not have standing to challenge the subpoena. The Court rejects this argument. The procedure outlined in the November 28 Order specifically authorized Defendant to file a motion to quash the subpoena. Moreover, Defendant concedes that the IP address 66.41.122.71, which is the IP address identified in the Complaint, belongs to him. The Court reminds Plaintiff that Plaintiff is proceeding with expedited discovery solely by leave

of the Court granted pursuant to Federal Rule of Civil Procedure 26(d)(1). The conditions of the Court's Order permitting discovery govern the subpoena at issue.

### B.        Considerations of Need, Harm, Burden, and Purpose

Defendant argues that the harm and burden imposed by the subpoena outweigh the need for the information and that the subpoena was issued for an improper purpose. The Court has already weighed these considerations in determining whether to permit the subpoena in the first instance. (Order at 4-7, Nov. 28, 2012, ECF No. 13.) The Court implemented several protocols for the specific purpose of minimizing any harm and burden to Defendant, and Defendant offers no new arguments or reasons for departing from the Court's prior findings.

To that last point, the Court explicitly asked Defendant at the hearing if there was some basis, specific to him, for quashing the subpoena. The Court gave examples such as having a non-secure wireless connection or using a shared computer. *See In re BitTorrent Adult Film Copyright Infringement Cases*, Civ. No. 11-3995(DRH)(GRB), 2012 WL 1570765, at *2-3, 6-7, 9-10 (E.D.N.Y. May 1, 2012) (listing persuasive arguments such as the plaintiff not having a registered copyright, the defendant not having access to the computer at the time of the alleged download, the compromise of the defendant's computer by a hacker, the defendant's lack of interest or wherewithal in downloading adult content, and actual abusive litigation tactics). Defendant could not, in all candidness, offer a particularized basis to quash the subpoena. Accordingly, the motion is denied.

Even though the Court must deny Defendant's motion, the Court encourages the parties to agree to identify Defendant only by his or her initials in any filings with the Court. If the parties cannot agree, Plaintiff's counsel is ordered to schedule a status conference with the Court and Defendant's counsel to discuss identification procedures going forward.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Defendant John Doe's Motion to Quash Subpoena and for Protective Order (ECF No. 14) is **DENIED**.

2.      If the parties cannot agree to identify Defendant only by his or her initials in any Court filings, Plaintiff's counsel is ordered to schedule a status conference with the Court and Defendant's counsel to discuss identification procedures going forward.

Dated: January 25, 2013

         s/ *Jeanne J. Graham* _____
JEANNE J. GRAHAM
United States Magistrate Judge